# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO RAMIREZ,<br>CDCR #K-93380,<br><br>                              Plaintiff,<br><br>vs.<br><br>GEORGE GIURBINO, et al.,<br><br>                              Defendants. | Civil No.   10cv1292 WQH (AJB)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM INMATES'S TRUST ACCOUNT; and**<br><br>**(2) DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**<br><br>**[Doc. No. 2]** |

Gustavo Ramirez ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

///

## I.

### MOTION TO PROCEED IFP [Doc. No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*

*v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**A.     Constitutional Claims**

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**B.     Application to Plaintiff's Complaint**

1.     *Fourteenth Amendment Due Process Claims*

In his Complaint, Plaintiff alleges that his due process rights were violated when he was validated as a prison gang member. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  However, the Supreme Court has significantly limited the instances in which due process can be invoked.  Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of the alleged gang affiliation which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486.  Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions.  Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).  He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486.

However, even if Plaintiff were able to allege facts sufficient to show that he had a liberty interest in remaining free from validation as a gang member, his due process claims could remain subject to sua sponte dismissal.  Based on a liberal reading of Plaintiff's Complaint, it appears as though Plaintiff has based his due process claims on the allegations that Defendants failed to

provide him with due process required by *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).[1] However, the Ninth Circuit has held that *Wolff's* protections are inapplicable to gang validation proceedings because they are not disciplinary convictions, but instead are related to prison security. *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). Specifically, the Ninth Circuit found that a due process claim based on prison officials' validation of an inmate as a member of a prison gang was subject only to the "some evidence" standard of *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), noting that "California's policy of assigning suspected gang affiliates to the SHU is not a disciplinary measure, but an administrative strategy designed to preserve order in the prison and protect the safety of all inmates." *Id.* at 1287 (citing *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997)).

Therefore, the Court dismisses Plaintiff's Fourteenth Amendment due process claims on the grounds that he has failed to state a claim upon which relief can be granted.

### 2. *Eleventh Amendment*

In addition, Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR") as a Defendant in this matter. The State of California, and the California Department of Corrections and Rehabilitation, as an agency of the State of California, are not "persons" subject to suit and are instead, entitled to absolute immunity from monetary damages actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is not a "person" within the meaning of § 1983). In order to state a claim under § 1983, Plaintiff must identify a "person" who, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See* 42 U.S.C. § 1983.

---

[1] Under *Wolff*, prisoners *facing a disciplinary hearing* are entitled to: (1) written notice of the charges at least 24 hours in advance of the hearing; (2) a written statement indicating upon what evidence the fact finders relied and the reasons for the disciplinary action; (3) the opportunity to call witnesses and present documentary evidence when doing so will not be unduly hazardous to institutional safety or correctional goals; and (4) an impartial fact finder. 418 U.S. at 564-71 (citations omitted).

1  Therefore, Plaintiff's claims for monetary damages against the California Department of
2  Corrections and Rehabilitation and the State of California are dismissed with prejudice pursuant
3  to 28 U.S.C. § 1915(e)(2)(B)(iii).
4  Plaintiff's Complaint is dismissed for failing to state a claim upon which relief can be
5  granted and for seeking monetary damages against an immune Defendant pursuant to 28 U.S.C.
6  §§ 1915(e)(2)(b) & 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted and for seeking monetary relief against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants

not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

      5.     The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

DATED: July 7, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge