# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO RAMIREZ,<br><br>　　　　　Plaintiff,<br>vs.<br>GEORGE GIURBINO; LARRY SMALLS; S. SILVA; E. DUARTE; M. TAMAYO; J. ZINNA; J. MORENO,<br><br>　　　　　Defendants. | CASE NO. 10cv1292-WQH-AJB<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss the First Amended Complaint (ECF No. 15), and the Motion for Leave to Amend the First Amended Complaint (ECF No. 16).

## BACKGROUND

On July 19, 2010, Plaintiff, a prisoner proceeding pro se and in forma pauperis, filed a First Amended Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. (ECF No. 4).

On August 23, 2010, the Court issued an Order directing the United States Marshal to serve the First Amended Complaint upon Defendants. (ECF No. 5).

On October 19, 2010, the Marshal filed waivers of service as to Defendants Smalls, Silva, Duarte and Tamayo. (ECF Nos. 8-11). On November 1, 2010, the Marshal filed a return of service as to Defendants Giurbino, Zinna and Moreno. (ECF Nos. 12-14).

On November 8, 2010, all Defendants filed the Motion to Dismiss the First Amended

1  Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 15).

2  On November 19, 2010, Plaintiff filed the Motion for Leave to Amend the First
3  Amended Complaint and attached a proposed Second Amended Complaint.  (ECF No. 16).
4  The docket reflects that Defendants have not filed an opposition to the Motion for
5  Leave to Amend.

### DISCUSSION

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).  In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182.  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Defendants have not opposed the Motion for Leave to Amend.  After review of the motion, the proposed Second Amended Complaint, and the record, the Court finds that the Motion for Leave to Amend should be granted pursuant to Federal Rule of Civil Procedure 15(a).  The Clerk of the Court is directed to file the proposed Second Amended Complaint as a separate docket entry, and the Second Amended Complaint will be the operative pleading in this action.

Once filed, an amended complaint supersedes the preceeding complaint in its entirety. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997).  Defendants' Motion to Dismiss, addressing the First Amended Complaint, will become moot once the Second Amended Complaint is filed.

CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Amend the First Amended Complaint is GRANTED. (ECF No. 16). The Clerk of the Court shall file the proposed Second Amended Complaint attached to the Motion for Leave to Amend (ECF No. 16-1) as a separate docket entry, and the Second Amended Complaint will be the operative pleading in this action.

IT IS FURTHER ORDERED that the Motion to Dismiss First Amended Complaint is DENIED as moot. (ECF No. 15).

DATED: December 16, 2010

                                    *William Q. Hayes*
                                 **WILLIAM Q. HAYES**
                                 United States District Judge