# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO RAMIREZ,<br><br>      Plaintiff,<br> vs.<br>GEORGE GIURBINO; LARRY SMALLS; E. SILVA; M. TAMAYO; E. DUARTE; JOHN ZINNA; JAMES MORENO,<br><br>      Defendants. | CASE NO. 10cv1292-WQH-MDD<br><br>ORDER |

HAYES, Judge:

  The matter before the Court is the review of the Report and Recommendation (ECF No. 29) issued by United States Magistrate Judge Mitchell D. Dembin, recommending that Defendants' Motion to Dismiss the Second Amended Complaint (ECF No. 20) be granted in part and denied in part.

## BACKGROUND

  On December 16, 2010, Plaintiff Gustavo Ramirez, a state prisoner currently incarcerated at Calipatria State Prison and proceeding pro se, filed a "Second Amended Complaint for Violation of Civil Rights under Civil Rights Act, 42 U.S.C. § 1983" ("Second Amended Complaint"). (ECF No. 19). The Second Amended Complaint contains two counts. Count One alleges Defendants Silva, Duarte, Tamayo, Zinna and Moreno violated Plaintiff's right to due process and First Amendments rights to freedom of speech and association by validating Plaintiff as a gang member, which resulted in Plaintiff being housed in a Security Housing Unit. *See id.* at 2-5. Count Two alleges that former Acting Warden Smalls and

1  California Department of Corrections Director Giurbino violated Plaintiff's right to due
2  process, First Amendment rights of freedom of speech and association, and Eight Amendment
3  right to be free from cruel and unusual punishment. *See id.* at 5-6.

4  On December 30, 2010, Defendants filed the Motion to Dismiss the Second Amended
5  Complaint. (ECF No. 20). Defendants contend that Plaintiff's First Amendment claims and
6  all claims against Defendants Smalls and Giurbino should be dismissed pursuant to Federal
7  Rule of Civil Procedure 12(b)(6). Defendants do not move for the dismissal of Plaintiff's Due
8  Process claims against Defendants Silva, Duarte, Tamayo, Zinna and Moreno.

9  On May 24, 2011, the Magistrate Judge issued the Report and Recommendation. (ECF
10 No. 29). The Magistrate Judge recommended that the Motion to Dismiss Plaintiff's First
11 Amendment claims against each Defendant be granted; the Motion to Dismiss Plaintiff's
12 Eighth Amendment claims against Defendants Smalls and Giurbino be granted; the Motion to
13 Dismiss Plaintiff's Due Process claim against Defendant Giurbino be granted; and the Motion
14 to Dismiss Plaintiff's Due Process claim against Defendant Smalls be denied. The Magistrate
15 Judge recommended that Plaintiff be given leave to amend as to all dismissed claims. The
16 Report and Recommendation provided that any objections must be filed no later than June 15,
17 2011.

18 The docket reflects that no objections to the Report and Recommendation have been
19 filed.

20 REVIEW OF THE REPORT AND RECOMMENDATION

21 The duties of the district court in connection with a report and recommendation of a
22 magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b).
23 The district judge must "make a de novo determination of those portions of the report ... to
24 which objection is made," and "may accept, reject, or modify, in whole or in part, the findings
25 or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not
26 review de novo those portions of a Report and Recommendation to which neither party objects.
27 *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d
28 1114, 1121-22 (9th Cir. 2003) (en banc).

After review of the Report and Recommendation, the Second Amended Complaint, and the submissions of the parties, the Court concludes that the Magistrate Judge correctly set forth the legal standard for evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Magistrate Judge correctly found that, even viewing the allegations in the Second Amended Complaint liberally, Plaintiff failed to adequately plead a First Amendment claim or an Eighth Amendment claim against any Defendant. *Cf. Turner v. Safley*, 482 U.S. 78, 89 (1987) (setting forth the standard for whether a prison regulation impermissibly impinges on the constitutional rights of inmates); *cf. also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (applying *Turner* to First Amendment and Eighth Amendment claims). The Magistrate Judge correctly found that Plaintiff failed to adequately plead a Due Process claim against Defendant Giurbino, but did adequately plead a Due Process claim against Defendant Smalls. *Cf. Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (setting forth the standard for a Due Process claim related to prison officials validating an inmate as a gang member).

## CONCLUSION

IT IS HEREBY ORDERED that: (1) the Report and Recommendation is ADOPTED in its entirety (ECF No. 29); and (2) the Motion to Dismiss is GRANTED in part and DENIED in part (ECF No. 20). The Motion to Dismiss is GRANTED as to each of Plaintiff's First Amendment claims, each of Plaintiff's Eighth Amendment claims, and Plaintiff's Due Process claim against Defendant Giurbino; each of those claims is DISMISSED without prejudice. Otherwise, the Motion to Dismiss is denied.

/ / /

   No later than forty-five (45) days from the date of this Order, Plaintiff may file a third amended complaint. If Plaintiff files a third amended complaint, the pleading must be complete in itself, and may not incorporate by reference any prior pleading. Any defendant not named and all claims not re-alleged will be deemed waived. If Plaintiff does not file a third amended complaint within 45 days, this case shall proceed as to the claims in the Second Amended Complaint which remain after this Order.

DATED: July 7, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge