# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO RAMIREZ,<br><br>　　　　　　　Plaintiff,<br>　vs.<br>GEORGE GIURBINO; LARRY SMALLS; E. SILVA; M. TAMAYO; E, DUARTE; JOHN ZINNA; JAMES MORENO,<br><br>　　　　　　　Defendants. | CASE NO. 10cv1292-WQH-MDD<br><br>ORDER |

HAYES, Judge:

　　The matter before the Court is the Report and Recommendation of Magistrate Judge Mitchell D. Dembin (ECF No. 45), recommending that the Court grant the Motion for Summary Judgment filed by all remaining Defendants (ECF No. 41).

## BACKGROUND

　　On December 16, 2010, Plaintiff Gustavo Ramirez, a state prisoner currently incarcerated at Calipatria State Prison and proceeding pro se, filed a "Second Amended Complaint for Violation of Civil Rights under Civil Rights Act, 42 U.S.C. § 1983" ("Second Amended Complaint"). (ECF No. 19). The Second Amended Complaint contains two counts. Count One alleges Defendants Silva, Duarte, Tamayo, Zinna and Moreno violated Plaintiff's right to due process and First Amendment rights to freedom of speech and association by validating Plaintiff as a gang member, which resulted in Plaintiff being housed in a Segregated Housing Unit. *See id.* at 2-5. Count Two alleges that former Acting Warden Smalls and California Department of Corrections Director Giurbino violated Plaintiff's right to due

1  process, First Amendment rights of freedom of speech and association, and Eighth Amendment
2  right to be free from cruel and unusual punishment. *See id.* at 5-6.
3        On July 7, 2011, the Court issued an Order adopting the Report and Recommendation
4  of the Magistrate Judge which recommended that Defendants' motion to dismiss the Second
5  Amended Complaint be granted in part and denied in part. (ECF No. 33). The Court
6  dismissed each of Plaintiff's First Amendment claims, each of Plaintiff's Eighth Amendment
7  claims, and Plaintiff's due process claim against Defendant Giurbino.
8        On August 29, 2012, all remaining Defendants filed the Motion for Summary Judgment,
9  seeking summary judgment as to all remaining claims. (ECF No. 41).
10        On August 31, 2012, the Magistrate Judge issued a notice pursuant to *Rand v. Rowland*,
11  154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir.
12  1988), informing Plaintiff that, "[a] motion for summary judgment under Rule 56 of the
13  Federal Rules of Civil Procedure will, if granted, end your case as to the defendants who have
14  filed the motion." (ECF No. 42 at 1).
15        The docket reflects that Plaintiff did not file an opposition to the Motion for Summary
16  Judgment.
17        On December 12, 2012, the Magistrate Judge issued the Report and Recommendation
18  recommending that the Court grant the Motion for Summary Judgment. (ECF No. 45). The
19  Report and Recommendation stated that any objections must be filed no later than January 2,
20  2013.
21        The docket reflects that no objections to the Report and Recommendation have been
22  filed.

### RULING OF THE COURT

24        The duties of the district court in connection with a Report and Recommendation of a
25  Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28
26  U.S.C. § 636(b)(1). A district court may "accept, reject, or modify, in whole or in part, the
27  findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also*
28  28 U.S.C. § 636(b)(1).

1       Neither party objected to the Report and Recommendation, and this Court has reviewed the Report and Recommendation in its entirety. The Report and Recommendation correctly sets forth the standard of review for motions for summary judgment. *See* ECF No. 45 at 5-7 (citing, *inter alia*, Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The Report and Recommendation correctly sets forth the applicable legal standards related to due process challenges to a prison official's decision to place an inmate in segregation for administrative reasons, such as for suspected gang affiliation. *See id.* at 7-8 (citing, *inter alia*, *Superintendent v. Hill*, 472 U.S. 445 (1985); *Bruce v. Ylst*, 351 F.3d 1283 (9th Cir. 2003)). The Report and Recommendation correctly finds that Defendants met their burden of presenting sufficient evidence of gang affiliation to satisfy the standard set forth in *Hill*, 472 U.S. at 455-56 and *Bruce*, 351 F.3d at 1287-88. *See* ECF No. 45 at 8-11. The Report and Recommendation correctly finds that Plaintiff has failed to produce evidence demonstrating that a genuine issue of material fact exists as to Plaintiff's claims. The Court concludes that the Report and Recommendation should be adopted in its entirety.

      IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 45) is ADOPTED in its entirety and the Motion for Summary Judgment (ECF No. 41) is GRANTED. The Clerk of the Court shall enter judgment for Defendants and close the case.

DATED: January 17, 2013

*[signature: William Q. Hayes]*
**WILLIAM Q. HAYES**
United States District Judge